JANET DAVIS, P.P.A.

vs.

CHARLES CLAYTON HODGE

HELEN FOSTER, P.P.A.

vs.

CHARLES CLAYTON HODGE

RUTH B. DAVIS

vs.

CHARLES CLAYTON HODGE

Court of Common Pleas    Hartford County    File #36996, 36997, 36998

MEMORANDUM FILED JUNE 7, 1938.

Shipman & Goodwin, of Hartford, for the Plaintiffs.

Henry H. Hunt, of Hartford, for the Defendant.

MOLLOY, J.   The costs involved here concern the above entitled three actions which were tried at the same time and which arose out of the same accident.   No question is raised as to what might be termed the standard costs, such as writ fee, entry fee, judgment fee and file and indemnity fee and trial fee.   The defendant does object to the charges for witnesses' fees and sheriff's fees.

The basis of the defendant's objection on the matter of witness fees is that they should be allowed only for the day of trial and in one case only.   I did not try these cases, but I assume that the various witnesses listed were summoned in good faith and that if they were not used they were actually ready to testify if needed; and further, that their testimony would be admissible.   In that event section 220 of the Practice Book (1934) would be applicable and allowances for the witnesses would surely be made.

In the instant cases, however, the witnesses, with the exception of two, were present in court ready to testify all three days, on the first two of which the cases were not reached, being tried on the third day.   The defendant's contention is that no allowance should be made for the two days the cases were waiting to be reached even though the witnesses were in attendance on those days.

Section 2271 of the General Statutes, Revision of 1930, provides:   "Parties shall also receive, for each witness attending court, his regular fee and mileage."   My interpretation of the above quoted statute is that if the witnesses are in court summoned in good faith and ready to testify, then the charges made for them are clearly allowable.   Section 219 of the

Practice Book (1934) is not applicable because that section refers to fees for witnesses in attendance in more cases than one, but where the suits are between the same parties. In the present instance there are three separate plaintiffs against one defendant. I have no doubt, therefore, that the charges made are proper as to the witnesses.

Now as to the charges of the sheriff for travel, it seems to me that section 891c of the Cumulative Supplement to the General Statutes (1935), which amends section 2280 of the General Statutes, Revision of 1930, is controlling. This amendment provides: "Each officer or person who shall serve process shall receive fifteen cents for each mile of travel, to be computed from the place where he receives the process to the place of service, and thence in the case of civil process to the place of return."

In other words, for service of civil process what the sheriff's allowance for mileage shall be is stated clearly. Now in this instance the sheriff had three separate processes. For the service of each process he shall receive separate mileage. The fact is that for the service of process (or in other words, for the service of a process) he shall receive so much for each mile of travel; or to put it in another way, he is engaged in three separate transactions; the statute provides that for the service of process he shall be allowed so much for mileage; so for each process he shall receive his mileage, and there were three processes involved here.

In the amended bill of costs filed by the plaintiffs, a deduction was made of $10 for the three writs on the matter of the sheriff's travel. This reduction made more accurate in accordance with section 891c the sheriff's charges for travel in each writ, figured on the basis of the mileage to Glastonbury and back to place of return of the writs.

On the matter of the sheriff's charges of $2 on each writ for securing property and $2 for time spent, there seems to be considerable confusion as to what should be the rule. There is no written rule or statute unless it is that part of section 2280 of the General Statutes, Revision of 1930, wherein it is provided: "The officer serving any attachment or execution, and making claim for compensation for time and expenses of any person, in keeping, securing or removing property taken thereon, provided he make out his bill on the same, specifying the labor done, and by whom, the time spent, the travel, the

money paid, if any, and to whom and for what, a reasonable compensation for such services, and the amount of such expenses, to be taxed by the court with the costs."

It does not appear in the sheriff's return that he hired anyone or how long a time he spent in making the attachments, but on the matter of securing the property I cannot see any objection to a charge of $2 on each writ because the sheriff does in truth secure the property in three separate attachments. If, for instance, he was securing the property under instructions of three attorneys, each acting for a different plaintiff, then surely no objection could be raised. To be sure, in the instant cases he was acting for one attorney in three suits against one defendant, but his acts of attaching were three separate performances, and a charge of $2 for each does not seem unreasonable, particularly in the light of no evidence offered to show that the charges were unreasonable.

Now this discussion may well concern also the charges for time spent for which the sheriff charges $2 in each writ. To be sure, the two attachments after the first one may not have taken any appreciable time; yet it may well be that the sheriff had more difficulty concerning the whole affair of making three attachments than appears on the face of his returns. He was entitled to make a charge for time spent. He might have made a flat charge of $6 for this in the return of his first attachment and no charge for his subsequent attachments. In any event, when no evidence is offered to this court attacking the reasonableness of the charges other than that the sheriff is supposed to have made only one trip, this court does not feel inclined to interfere with three separate charges of $2 when one of $6 might well have been made under the circumstances.

· Therefore, the bills of costs as taxed and stated by the plaintiffs are allowed.